FINDINGS OF FACT AND CONCLUSIONS OF LAW
LUHRING, J.
This is a bill for maintenance by the plaintiff, a resident of the State of New York, against the defendant, who is a resident of the District of Columbia, alleging desertion and abandonment and a failure to provide since August, 1927. The defendant by his answer denies the desertion and alleges that the plaintiff, without cause or justification, deserted him. He also alleges that subsequently he took up his abode and residence in the State of Nevada and that on the 22nd day of June, 1931, he was granted an absolute divorce from the plaintiff by the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, and that he has since remarried. By her reply, which is based upon information and belief, the plaintiff charges that the defendant was not then and there a bona fide resident of the County of Washoe in the State of Nevada, but that he ‘ ‘ simulated residence there for the purpose of obtaining a divorce from the plaintiff, and that he resided in the State of New York.” She further alleges that she was not notified of the divorce proceeding in the State of Nevada.
The plaintiff and the defendant were married in New York June 10th, 1920. They lived together for two or three years, and then the plaintiff, without any justifiable cause, *95 left the husband and established herself in a separate apartment. This separation continued for some time when the plaintiff instituted suit for divorce and alimony against the defendant in New York, had him incarcerated in jail for failure to pay alimony pendente lite, then brought about his release, and finally dismissed the case. Later she filed a suit against the defendant for a limited divorce, which has been pending for a number of years.
The defendant, during the pendency of the latter suit, left New York City and went to California, where he remained for approximately eight months and during which time he was employed in a garage as a car washer. He left California and went to Reno, Nevada. There he also obtained odd jobs of employment, and while residing there he obtained the absolute divorce from the plaintiff on the 22nd day of June, 1931. She had notice of the proceeding but did not appear or otherwise take steps to contest it. He married his present wife there on the same day the divorce was granted and later came to the District of Columbia where he and his wife have resided ever since. He never did return to the State of New York.
CONCLUSION
The Nevada court had jurisdiction to decree a divorce in a proper case, and the presumption of regularity attaches to its proceedings in the absence of proof to the contrary. Rhodes v. Rhodes, 36 App. D. C. 261. The meager facts upon which the plaintiff relies are not sufficient to overcome this presumption of regularity. The Nevada court affirmatively found that the residence of the defendant “for the time required by law was proven to the satisfaction of the court.”
As was said by Chief Justice Shepard in Rhodes v. Rhodes, supra, at page 268:
“It is a serious thing to refuse to give credit to the *96 judgments or decrees of the courts of a State of the Union whose general jurisdiction of the subject-matter is undoubted, by reason of special facts of circumstances that would deprive them of that jurisdiction in a particular case. The seriousness of the situation is. increased by the fact that the appellant, upon the faith of the decree attacked, has contracted another marriage which would be void if that decree was rendered without jurisdiction of the rem, or of the person of the defendant therein.”
The facts here are not sufficient to enable this court to declare that the Nevada decree of divorce is entitled to no credit.
It follows, therefore, that since the defendant had been divorced from the plaintiff she can not maintain her bill.
The bill is dismissed.